UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Rocio Young**, <br><br> Plaintiff, <br><br> v. <br><br> **Aeroflow, Inc. d/b/a Aeroflow Healthcare,** <br><br> Defendant. | Case No. 4:21-cv-274 <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**Rocio Young** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Aeroflow, Inc. d/b/a Aeroflow Healthcare** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conducts business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Rosenberg, Texas 77471.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 3165 Sweeten Creek Road, Asheville, North Carolina 28803.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a residential and personal cellular telephone number ending in 1713.

11. Plaintiff has only used this phone number ending in 1713 as a personal cellular telephone.

12. Beginning on February 6, 2020, Defendant sent numerous text messages to Plaintiff on her personal cellular phone for solicitation purposes.

13. Defendant was texting Plaintiff regarding breast pumps available through her insurance company.

14. While Plaintiff did initially request information from Defendant about breast pumps, in response to Defendant's first text message on February 6, 2020, Plaintiff responded "Stop" as she was no longer interested in their breast pumps. See Exhibit "A."

15. Despite this request for text messages to cease, Defendant sent text messages to Plaintiff on February 21, 2020, March 26, 2020, and April 27, 2020. See Id.

16. Plaintiff has been on the Do Not Call Registry since October 2019 and did not consent to these additional text messages from Defendant.

17. Defendant's texts were not made for "emergency purposes."

18. Defendant's texts were bothersome, disruptive and frustrating for Plaintiff to endure.

19. Plaintiff received all texts while on the Do Not Call Registry and all within a single year.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. The TCPA prohibits placing calls or texts using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to text Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to text Plaintiff has the present and/or future capacity to dial or text numbers in a random and/or sequential fashion.

26. Defendant's texts were not made for "emergency purposes."

27. Defendant's texts to Plaintiff's cellular telephone without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since October 2019.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since October 2019.

35. Defendant texted Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Rocio Young,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

g. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Rocio Young,** demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 01/28/2021 | By: *s/ Amy L. Bennecoff Ginsburg* <br> Amy L. Bennecoff Ginsburg, Esq. <br> Kimmel & Silverman, P.C. <br> 30 East Butler Pike <br> Ambler, PA 19002 <br> Phone: 215-540-8888 <br> Facsimile: 877-788-2864 <br> Email: teamkimmel@creditlaw.com |

CERTIFICATE OF SERVICE

I, Amy L.B. Ginsburg, hereby certify that I served a true and correct copy of the foregoing amended complaint to the below parties via ECF on November 20, 2020.

>Christopher M. Jordan, Esq.
>MUNSCH HARDT KOPF &HARR, P.C.
>700 Milam Street, Suite 2700
>Houston, Texas 77002
>Email: cjordan@munsch.com
>
>Matthew C. Arentsen, Esq.
>Jesse D. Sutz, Esq.
>BROWNSTEIN HYATT FARBER SCHRECK, LLP
>410 17th Street, Suite 2200
>Denver, Colorado 80202
>Email: marentsen@bhfs.com
>        jsutz@bhfs.com

>*/s/ Amy L.B. Ginsburg*
>AMY L. B. GINSBURG